UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RICHARD VACCARIELLO, on behalf of himself and all
others similarly situated,
                           Plaintiff,

                    08-CV-5336 (CS) (LMS)

          - against -

                    **ORDER**

XM SATELLITE RADIO INC.,
                           Defendant.
------------------------------------------------------------------------x
Seibel, J.

       The Court assumes the Parties' familiarity with the factual and procedural background of this case. On September 22, 2009, the Court heard oral argument on the Parties' Cross Motions for Summary Judgment (Docs. 24, 37). At the conclusion of the September 22 conference, the Court ordered supplemental briefing on the issue of whether the case of *Moore v. Microsoft Corp.*, 741 N.Y.S.2d 91 (App. Div. 2002), compelled me to grant summary judgment in favor of Defendant on Plaintiff's deceptive trade practices claim under New York General Business Law § 349 ("Section 349"). On September 25, 2009, the Court received letters from both Parties setting forth their respective views on the issue.

       The elements of a Section 349 claim are as follows: "(1) the defendant's challenged acts or practices must have been directed at consumers, (2) the acts or practices must have been misleading in a material way, and (3) the plaintiff must have sustained injury as a result." *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007). A deceptive or misleading act or practice is defined as "a representation or omission likely to mislead a reasonable consumer acting reasonably under the circumstances." *Gaidon v. Guardian Life Ins. Co.*, 94 N.Y.2d 330, 344 (1999) (internal quotation marks and citations omitted); *accord Boule v. Hutton*, 328 F.3d 84, 94 (2d Cir. 2003) (stating that "an act is deceptive . . . only if it is likely to mislead a

reasonable consumer" (internal quotation marks omitted)).  Thus, "[w]hether defendant['s] conduct was deceptive or misleading is a question of fact."  *Sims v. First Consumers Nat'l Bank*, 758 N.Y.S.2d 284, 286 (App. Div. 2003).

Defendant argues that it fully disclosed the fact that the subscription agreement was indefinite until cancelled in the Terms and Conditions to which Plaintiff expressly agreed when signing up for the free XM Radio Online service.  Therefore, according to Defendant, the *Moore* case requires this Court to find as a matter of law that its conduct was not deceptive because the indefinite nature of the subscription agreement was fully disclosed to and agreed to by Plaintiff.

In *Moore*, the plaintiff purchased from defendant Microsoft computer software that could not be installed unless plaintiff agreed to a license agreement containing, among other things, disclaimers and waivers of liability.  741 N.Y.S.2d at 92.  After the software malfunctioned and caused damage to plaintiff's computer, plaintiff brought suit, alleging various causes of action, including negligence, breach of implied contract, and deceptive trade practices.  (Letter from Anthony J. Dreyer, Esq., to the Court, dated Sept. 25, 2009, Ex. A.)  The Appellate Division found that the license agreement, which plaintiff clicked to accept after purchasing the software but before installing it, was a validly binding contract between the parties and that its "clear disclaimers, waivers of liability, and limitations of remedies" barred plaintiff's claims.  *Moore*, 741 N.Y.S.2d at 92.  The court also affirmed the trial court's dismissal of plaintiff's deceptive business practices claim based on plaintiff's failure to allege materiality and because "there was no warranty given by the defendant that the software product was error-free."  *Id*.  In fact, the court found that the license agreement "specifically conformed to the requirements of the General Business Law and disclaimed all warranties, either express or implied."  *Id*.

While the *Moore* case certainly establishes that an after-purchase clickwrap agreement can be valid and enforceable, it does not compel summary judgment in favor of Defendant in this case.  Plaintiff does not argue that the Terms and Conditions found on the XM Radio Online website are unenforceable as a matter of contract law or that clickwrap agreements in general are unenforceable or deceptive.  Instead, Plaintiff argues that it was deceptive for Defendant to disclose the fact that the XM Radio subscription agreement was indefinite only in the course of Plaintiff's signing up for a free online service.[1]

Unlike the plaintiff in *Moore*, Plaintiff did not have to accept the Terms and Conditions at issue in order to use the XM Radio service (the service for which he was actually paying).  Instead, Plaintiff came across the Terms and Conditions while signing up for the XM Radio Online service, a free service to which Plaintiff had access as an XM Radio subscriber.  (*See* Decl. of Kenneth M. Plevan in Supp. of Def.'s Mot. for Summ. J. ("Plevan Decl.") Ex. 11 ("Listen Free Online.  As an XM subscriber, you get access to XM Radio Online at no additional charge.").)  In order to sign up for an online account, Plaintiff had to "certify that [he] . . . read and agree[d] to the XM Radio *Online* terms and conditions."  (*Id*. Ex. 14 (emphasis added).)  The same page on which Plaintiff certified his assent to these terms contained the following warning: "Keep in mind, your XM Radio Online account is different from the one you may have previously created when activating your XM radio for your car or home."  (*Id*. Ex. 14.)  When

---

[1] Defendant argues that Plaintiff was told on several other occasions that the subscription agreement was governed by the Terms and Conditions, which Plaintiff could access through Defendant's website.  As discussed on the record during the September 22, 2009 conference, however, the Court finds there to be issues of fact as to whether and when any other disclosures were made to Plaintiff with regard to the Terms and Conditions and, more specifically, the indefinite nature of the agreement.

clicked on, the Terms and Conditions stated that "THIS AGREEMENT CONTAINS THE TERMS OF YOUR USE OF XM SATELLITE RADIO AND XM RADIO ONLINE." (*Id*. Ex. 15.)  At issue here is the provision in the Terms and Conditions which provided that "[t]he term of this Agreement is indefinite and Service will continue until canceled." (*Id*. Ex. 15.)

Given the way in which the Terms and Conditions were disclosed and agreed to, the Court cannot at this juncture find that as a matter of law Defendant's practices were not deceptive.  The indefinite nature of the subscription agreement was disclosed by the Terms and Conditions to which Plaintiff had to agree in order to sign up for the free online service, but it appears undisputed that signing up for the online service was not required in order to receive the XM Radio service for which Plaintiff was paying.  Thus, a reasonable jury may be convinced that it was deceiving to disclose the indefinite term in connection with a free service, to the terms of which a reasonable customer may not pay much attention, especially where the customer might reasonably believe that those terms related only to the free service.[2]  Thus, a reasonable jury could conclude that it was deceptive to require Plaintiff's assent to the Terms and Conditions governing his entire relationship with Defendant by clicking on a link that suggested Plaintiff was only agreeing to terms of the free online service.  Unlike the situation in the *Moore* case, where "the defendant offered a contract that the plaintiff accepted by using the [product] after having an opportunity to read the license at leisure," 741 N.Y.S.2d at 92, here Plaintiff was

---

[2] Such a belief might be justified by the facts that he was asked to certify that he read and agreed to the "XM Radio *Online* terms and conditions" (Pleven Decl. Ex. 14 (emphasis added)), and the webpage on which he had to click to accept the XM Radio Online terms and conditions tells Plaintiff to "[k]eep in mind, [his] XM Radio Online account is different from the one [he] may have previously created when activating [his] XM radio for [his] car" (*id*.).

fully able to use the product without clicking on the Terms and Conditions, and those Terms and Conditions at least arguably appeared to relate to a free, related service.

At the same time, the Court does not, as Plaintiff urges, find that Defendant's practices were deceptive as a matter of law. Indeed, Plaintiff may have a difficult time convincing a jury that he was deceived where he clicked to accept the very terms that he claims were never disclosed.

For the reasons stated herein and on the record during the September 22, 2009 conference, the Court finds there to be issues of fact precluding summary judgment in favor of either party. Therefore, both Motions for Summary Judgment are DENIED, and the Clerk of Court is respectfully directed to terminate the pending motions. (Docs. 24, 37.) The Parties are to appear before the Court for a status conference on October 20, 2009, at 9:30 a.m.

DATED:   September 30, 2009
         White Plains, New York

                                    _____
                                    CATHY SEIBEL, U.S.D.J.