UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RICHARD VACCARIELLO, on behalf of himself and
all others similarly situated,

                         Plaintiffs,                              **ORDER**

     -against-                                           08 Civ. 5336 (CS)(GAY)

XM SATELLITE RADIO, INC.,

                         Defendant.

------------------------------------------------------------------------x

   Before the Court are a number of discovery issues between the parties as follows.

   1. <u>Plaintiff's Alleged Use of XM Radio Online</u>

   Defendant XM requests that plaintiff be directed to (1) identify any and all computers he, or anyone using his password and user name, may reasonably have used to log on or attempt to log on to XM Radio Online from January 1, 2001 through June 30 2009; (2) indicate whether any of the foregoing computers are still in plaintiff's possession or control; and (3) indicate when any such computers left plaintiff's possession or control.  Moreover, XM requests that a third party forensic computer expert examine all computers and related devices for evidence of plaintiff's log on attempts.  Plaintiff responds that he does not believe that he listened to XM Radio Online after April 3, 2008.  Plaintiff has agreed to provide information that he has regarding the identification of his computers during the period January-June 2008.

   Plaintiff contends that XM overstates the information contained in a document which XM claims that plaintiff listened to XM Radio Online after April 3, 2008.  XM will be providing a witness to testify at deposition about computer logs regarding plaintiff's log-in activity to his XM Radio Online account.  Defendant XM's discovery requested is denied at this time subject to renewal after the deposition of the aforesaid deposition of the computer witness.

   2. <u>Communications with Putative Class Members</u>

   XM initially requested that plaintiff (1) identify and produce documents relating to communications that plaintiff or anyone acting on his behalf has had with putative class members about this lawsuit or claims asserted in the amended complaint; and (2) identify all putative class members with whom plaintiff or anyone acting on his behalf has had communications about this lawsuit or the claims asserted in the amended complaint.  Plaintiff responded that he did not personally have any contact with class members, but contends that any communication by counsel with class members would be privileged and otherwise not subject to

discovery.

   XM relies on Rahman v. Smith & Wollensky Restaurant Group, Inc., 06 Civ. 6198, 2007 U.S. Dist. LEXIS 37642, at *31-27 (S.D.N.Y. May 24, 2007) to support its position. In Rahman, a putative class action, the Court allowed discovery of the identities of putative class members that had been contacted by plaintiff or his counsel.  However, the discovery permitted was only the identities by interrogatories of the putative class members contacted, not documents or the substance of what was said.  Discovery of identities was also limited to putative class members contacted and not any others.  Also, as pointed out in Rahman, discovery of the identities of the putative class members contacted would not be subject to work product or attorney client privilege.  In any event, privilege has not been demonstrated here.
   Accordingly, the Court directs that the identities of putative class members contacted by counsel for plaintiff shall be provided for discovery within 21 days of the date of this Order.

   3. Discovery of Plaintiff's Counsel

   XM has revised its discovery request to seek plaintiff's counsel identification of all GOL 5-903 or GBL 349 cases handled by them within the past five years in which (I) it has been approved or disapproved as class counsel, or (ii) class certification has been denied.  Plaintiff opposes the request stating that XM is able to do its own research in that regard.

   "Given that the Court must consider the qualifications of plaintiff's counsel in determining whether the class should be certified, it is appropriate for the defendants to obtain some discovery regarding prior class actions in which plaintiff's counsel has been involved."  Rahman, Id. at 28.  This Court finds said reasoning to be persuasive and the revised discovery request is not burdensome.  Accordingly, the Court directs plaintiff's counsel to provide the above-stated information in the revised request within 15 days of the date of this Order.

   4. Plaintiff's Potential Witnesses

   The Court has been advised that the parties have resolved this issue.

   5. Retention of Plaintiff's Email

   This issue appears to be resolved as plaintiff has now fully responded to the request of XM.

   6. Second Deposition of Plaintiff

   The parties have reported that they resolved this dispute.

   7. Defendant's Privilege Log

   XM served a privilege log upon the plaintiff that set forth over 1400 documents it was withholding and/or redacted on claims of privilege.  In said log, XM provided the names of the recipients of the documents, but not the relationship among the author, addressees and recipients.

The Court finds that said information would be necessary for plaintiff to determine whether or not to challenge any assertion of privilege. See Bell v. Pfizer, Inc., 2006 U.S. Dist. LEXIS 62611 (S.D.N.Y. Aug 31, 2006)(directing defendant to provide a more detailed privilege log including the identities, titles, and roles of the author, recipients and individuals cc'ed on the communications).

    Accordingly, XM is directed to provide plaintiff with information showing the relationship of the author, recipients, and addressees to each other, within 21 days of the date of this Order.

SO ORDERED:

Dated: August 16 2010
White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.

3