UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD VACCARIELLO, on behalf of himself
and all others similarly situated,

                          Plaintiffs,          08 Civ. 5336 (RO)

v.

XM SATELLITE RADIO, INC,

                          Defendant.

## ORDER

OWEN, District Judge:

      Plaintiff Richard Vaccariello ("Plaintiff") brings this action against Defendant XM Satellite Radio, Inc. ("Defendant") under New York General Business Law § 349 ("GBL §349") and New York General Obligations Law §5-903 ("GOL §5-903"). Plaintiff asserts that Defendant, through its practice of automatically renewing customers' subscriptions, violated GBL §349 and was unjustly enriched, and also seeks injunctive relief mandating Defendant comply with GOL §5-903's notice provisions. Plaintiff seeks to certify a class under Federal Rule of Civil Procedure 23, consisting of "all residents of the State of New York who subscribed to XM Satellite radio service and have had their service plan automatically renewed at any time since June 11, 2005."

      Magistrate Judge George Yanthis issued a Report and Recommendation (the "Report") in which he recommended that Plaintiff's motion for class certification be denied. For the reasons that follow, this Court concurs with the Report and hereby adopts it as the Order of this Court. Accordingly, Plaintiff's motion is DENIED.

## BACKGROUND

The factual background is provided in further detail in the Report and Recommendation. Defendant XM provides subscription based satellite radio service through XM compatible automobiles, radios, and the internet. XM automatically renews the customer's service for an identical term upon expiration of a subscription.

Plaintiff purchased a one-year XM subscription in April 2004 at the end of a three-month trial period following his leasing of a vehicle with a pre-installed XM radio. Approximately a year later, Plaintiff purchased a three-year subscription by telephone, and at around the same time, activated an XM online account allowing him to listen to satellite radio over the internet. In the process of activating this account online, Plaintiff checked a box indicating that he had read and that he accepted XM's terms and conditions of service, which included, among other things, that "the term of this Agreement is indefinite and Services will continue until canceled."

Plaintiff's subscription was renewed and Plaintiff thereafter received an invoice for an additional three year subscription. After receiving a past due notice a month later and then cancelling his subscription, Plaintiff paid a pro-rated bill for the cost of XM services for the time period between automatic renewal and cancellation.

Plaintiff asserts the following three causes of action: 1) that XM's automatic renewal policy was a deceptive trade practice in violation of New York General Business Law ("GBL") §349(a). (Am. Comp. ¶ 34)[1] and that XM violated New York General Obligations Law ("GOL") §5-903 by providing inadequate notice of its automatic renewal practice; 2) that XM was unjustly enriched by collecting subscription charges from customers whose services were

---

[1] "Am. Compl." refers to Plaintiff's Amended Class Action Complaint, dated October 16, 2008.

automatically renewed (*Id.* ¶ 37); and 3) that Plaintiff is entitled to injunctive relief in the form of an injunction compelling XM to comply with GOL §5-903's notice provisions.

On April 4, 2011, Magistrate Judge Yanthis issued a Report and recommendation on (the "Report"), in which he recommended that Plaintiff's motion for class certification be denied, and issued an order staying discovery in this matter. (Docket Entry Nos. 106, 107). Plaintiff timely filed objections to the Report, and Defendant filed a reply to Plaintiff's objections. (Docket Entry No. 110-12.) This case was thereafter reassigned to this Court. (Docket Entry No. 113.)

## DISCUSSION

The Report recommends that Plaintiff's motion for class certification be denied. First, the Report finds that Plaintiff lacks Article III standing and as such cannot certify a Rule 23(b)(2) injunctive class. The Report also recommends that Plaintiff's claims under GBL § 349 and for unjust enrichment are not amenable to class certification under Rule 23(b)(3) on the basis that the elements of the causes of action are not susceptible to class-wide proof because common evidence does not support Plaintiff's claims on a class-wide basis. The need for individual inquiries on multiple issues make class certification inappropriate in this action. Specifically, because proposed class members who requested, wanted, or assented to automatic renewal cannot recover for unjust enrichment, individual inquiries are required to assess injury and determine damages. The Report also found that class treatment is precluded by the individual inquiries necessary to determine which proposed class members entered into "clickwrap" agreements. Furthermore, the Report found that individual defenses Defendant could submit against individual class members preclude treatment as a class.

A. **Standard of Review**

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1); *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). A district court judge, in making such determination, has discretion in the weight placed on proposed findings and recommendations and may afford a degree of deference to the Report and Recommendation. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). Objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *See Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1, 2002 U.S. Dist. LEXIS 18270 (S.D.N.Y. Sept. 30, 2002).

Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and

Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court also reviews the Report and Recommendation for clear error.

### B. Plaintiff's Motion to Certify a Class

A putative class must be certified under the criteria of Federal Rules of Civil Procedure 23(a) and 23(b), and Plaintiffs bear the burden of establishing that they meet these requirements. FED. R. CIV. PRO. 23(a)-(b). The requirements of 23(a) are referred to as: 1) numerosity; 2) commonality; 3) typicality; and 4) adequate representation. *See Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252-53 (2d Cir. 2002). If these are met, "the court must decide whether plaintiffs meet the predominance requirement, and whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b)(3); *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 226 F.R.D. 456, 468-69 (S.D.N.Y. 2005).

A plaintiff attempting to demonstrate predominance must show that the issues that are subject to generalized proof, and are thus applicable to the class as a whole, predominate over those issues subject to individualized proof. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). The predominance factor assesses "whether proposed classes are sufficiently cohesive to warrant adjudication by representation" and is a more demanding analysis than the commonality requirement. *Moore* at 1252-53 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *Maneely v. City of Newburgh*, 208 F.R.D. 69, 76 (S.D.N.Y. 2002). Accordingly, where the resolution of individual claims for relief would require individualized inquiries, this requirement is not met.

This Court has reviewed the Report and Recommendation, Plaintiff's objections to the Report, Defendant's reply, and the materials in the record. This Court finds the Report well-reasoned, thorough, and supported by law. Plaintiff's objections, many of which reiterate arguments previously asserted in this proceeding, are unavailing. Accordingly, this Court concurs with the Report and adopts it as the Order of this Court.

### 1. *Plaintiff Cannot Certify a Class Under Federal Rule of Civil Procedure 23(b)(2)*

The Report finds that Plaintiff lacks standing to certify a Rule 23(b)(2) class because he was not an XM customer at the time this action was commenced. A plaintiff's standing is considered at the time the action was commenced. *Comer v. Cisneros*, 37 F.3d 775, 791 (2d Cir. 1994). A plaintiff in actions for injunctive relief may not rely on past injuries to satisfy the injury-in-fact requirement. *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004); *Deshawn E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998); *see also O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) (stating that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief" if it is "unaccompanied by any continuing, present adverse effects.").

A class cannot be certified if a named plaintiff lacks Article III standing. *Cent. States Southeast & Southwest Areas Health & Welfare Fund v. Merck–Medco Managed Care, LLC*, 433 F.3d 181, 199 (2d Cir.2005) (quoting *Warth v. Seldin*, 422 U.S. 490, 502, 95 S.Ct. 2197 (1975)). Accordingly, the named plaintiff must "allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which

they belong and which they purport to represent." *Warth*, 422 U.S. at 502; *see also Hinds County, Miss. V. Wachovia Bank, N.A.*, 700 F.Supp. 2d. 378, 392-93 (S.D.N.Y. 2010).

Plaintiff cannot satisfy the injury-in-fact requirement in actions for injunctive relief by relying on past injuries for two primary reasons. Because Plaintiff was no longer an XM customer at the time this action was filed, he did not face future harm from XM's renewal policies. In addition, Plaintiff has demonstrated that he is now keenly aware of XM's renewal practices and policies, and as such, he is very unlikely to suffer from being billed without his knowledge.

Plaintiff claims that there has always been a likelihood that he would suffer future harm as demonstrated by the fact that he subscribed to Sirius, now Sirius XM and that, unlike cases cited, this case involves a situation which is likely to be repeated and where customers, including Plaintiff, are limited in their options and are forced to use Defendant's services in the future.

As stated in the Report, Plaintiff's lack of standing is based on the fact that Plaintiff was not an XM customer at the time he commenced the action, not based on the fact that Plaintiff paid the disputed charges.

2. *Plaintiff Cannot Certify a Class Under Federal Rule of Civil Procedure 23(b)(3)*

The Report finds that Plaintiff cannot demonstrate injury under GBL § 349 on a class-wide basis because individual issues predominate. Specifically, Plaintiff is unable to show injury to proposed class members on a class-wide basis, Defendant could submit individual defenses to Plaintiff's claims, and damage calculations require individual considerations.

Specifically, Plaintiff would necessarily have to show which of the proposed class members were actually injured when their subscriptions were automatically renewed. Whether a

customer requested, wanted, or approved renewal of their subscription is not amenable to being proven through class-wide proof. Because Plaintiff is unable to prove through common evidence which customers in fact wanted their subscriptions to be automatically renewed, the predominance questions are not met. Furthermore, the fact that Defendant would likely submit individual defenses make this action inappropriate for class treatment. Among these defenses, as the Report discusses, are the voluntary payment doctrine, under which any proposed class member who was aware of Defendant's renewal policy cannot recover subscription fees in a GBL § 349 claim.

    Similarly, Plaintiff's unjust enrichment claim is similarly not amenable to class treatment because of the individual inquiries necessary to show the elements of unjust enrichment and whether or not subscribers were actually injured, given that subscribers who wanted or assented to renewal were not injured. Plaintiff's assertion that the Report improperly found that some proposed class members entered into clickwrap agreements with XM is without merit. Because unjust enrichment claims cannot lie where the parties have entered into a binding agreement, which in this case is the clickwrap agreement some subscribers entered into, individual determinations as to which proposed class members entered into these agreements are necessary.

    As such, the Report properly found that Plaintiff's unjust enrichment claim is not amenable to class treatment. Plaintiff's arguments to the contrary are without merit and generally repeat arguments made in earlier pleadings.

## CONCLUSION

For the reasons set forth above, this Court concurs with the Report and Recommendation of Magistrate Judge Yanthis and adopts it as the Order of this Court, in its entirety. Accordingly, Plaintiff's motion for class certification is hereby denied.

SO ORDERED.

May  11 , 2013

_____
RICHARD OWEN
UNITED STATES DISTRICT JUDGE